THE STATE EX REL. GRANVILLE VOLUNTEER FIRE DEPARTMENT, INC., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Granville Volunteer Fire Dept., Inc. v. Indus. Comm.* (1992), 64 Ohio St.3d 518.]

(No. 91–981—Submitted June 2, 1992—Decided September 2, 1992.)

*Thompson, Meier & Dersom* and *Thomas D. Thompson*, for appellee.

*Lee I. Fisher*, Attorney General, and *Jetta Mencer*, for appellants.

*Per Curiam.* GVFD was misclassified from January 17, 1977 through December 31, 1986, resulting in overpaid premiums. At issue is the period, if any, over which GVFD is entitled to reimbursement. For the reasons to follow, we affirm the judgment below.

Ohio Adm.Code 4121–7–17(C) states:

" * * * The Commission and Bureau shall also have the right to make adjustments as to * * * premium rates and/or amount of premium. No adjustments, however, shall be made in an employer's account which result in reducing the amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustments for the semi-annual and/or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period, when such errors affecting the reports and the premium are brought to the attention of the Commission and Bureau by an employer through written application for adjustment or found by the Commission and Bureau."

Ohio Adm.Code 4121–7–28 also provides:

"(A) Whenever the bureau of workers' compensation or the industrial commission detects an inaccuracy in the recording or processing of * * * [a] premium, such discrepancy shall be corrected. * * *

"(B) The time limit for correction(s) under this rule is as provided by rules 4121–7–17 and 4121–7–27 of the Administrative Code * * *."

GVFD challenges the applicability of Ohio Adm.Code 4121–7–17(C) ("Section C"), arguing that Section (C) governs only those employers who were "legally obligated" to contribute to the State Insurance Fund. GVFD claims that under R.C. 505.41 it never had such an obligation and, therefore, Section (C) does not control. Ohio Adm.Code 4121–7–17(C), however, contains no such qualification. It refers flatly to "employer," a term which includes GVFD.

Having found that Ohio Adm.Code 4121–7–17(C) applies, we also find that Section (C) reimbursement is discretionary. Ohio Adm.Code 4121–7–17(C)

states that appellants "shall *have the right*" to make changes. (Emphasis added.)

In *Zupp v. Youngstown Fire Dept.* (1988), 37 Ohio St.3d 202, 525 N.E.2d 9, we interpreted a provision in R.C. 4123.59(B), which states:

" * * * when any claimant is receiving total disability compensation at the time of death the wholly dependent person shall be *eligible* for the maximum compensation provided for in this section." *Id.* at 202, 525 N.E.2d at 10.

Zupp's widow-claimant focused exclusively on the word "shall" and asserted a mandatory right to maximum compensation. We disagreed, holding that claimant could not ignore the phrase "be eligible for" which qualified "shall." Focusing on the term "eligible," we determined no connotation of mandatory entitlement existed.

The same logic applies here. By giving appellants the *right* to make an adjustment, the Ohio Administrative Code also gave appellants the concomitant right not to make an adjustment. GVFD asserts that even if the adjustment is discretionary, appellants abused that discretion in denying reimbursement here. Appellants defend their decision, arguing that it was GVFD's action, not appellants', that caused the misclassification. Appellants' contention fails.

Clearly, GVFD is partially responsible for its situation and cannot escape culpability by pointing to its lack of expertise in workers' compensation matters. *State ex rel. Harry Wolsky Stair Builder, Inc. v. Indus. Comm.* (1991), 58 Ohio St.3d 222, 569 N.E.2d 900. Appellants, however, ignore their equal culpability in failing to reclassify GVFD when R.C. 505.41 took effect. While GVFD's request for independent private coverage in 1955 may have been ill-advised or incorrect, it does not excuse appellants' disregard of a statutory mandate imposed later.

We must last determine the date from which Ohio Adm.Code 4121–7–17(C)'s two-year retroactive reimbursement limitation should run. Appellants advocate February 27, 1987—the date on which GVFD first specified a violation of R.C. 505.41. Appellants challenge the appellate court's selection of August 30, 1984, the date on which Senator Branstool forwarded Larson's letter to the bureau. Appellants claim that the letter did not comply with Ohio Adm.Code 4121–7–27, which provides that:

"Protest of an employer's experience can be submitted only in writing. Only the employer or a representative with a permanent authorization from that employer can file a protest letter. * * * "

Appellants initially argue that the letter is defective because Branstool was neither the employer nor its authorized representative. This claim lacks

merit. Senator Branstool forwarded Larson's letter to the bureau. It is immaterial that Larson's letter was physically sent by Branstool instead of by Larson personally.

Appellants also maintain that the 1984 letter did not allege actual commission error, but simply decried premium rates that GVFD felt were excessive. We again disagree. While error was not specifically alleged, the Larson letter contained sufficient facts to put appellants on notice that there may have been a problem. First, Larson noted that GVFD was covered as a private employer. Had appellants been aware of R.C. 505.41, as they apparently were not, an error would have been immediately apparent. Larson's proposed solutions also suggested the viability of including GVFD under the public, as opposed to private, umbrella. Finally, his comparison of GVFD rates with those of other fire departments again signalled that something may have been amiss. Read as a whole, we find that the letter provided sufficient notice of error to appellants.

For these reasons, the appellate court's judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.