OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Transit Management Service, Inc., Appellant,
v. Bureau of Workers' Compensation et al., Appellees.
[Cite as State ex rel. Transit Mgt. Serv., Inc. v. Ohio Bur. of
Workers' Comp. (1993),      Ohio St.3d      .]
Workers' compensation -- Refund of overcharged premiums limited
     to the period "twenty-four months immediately prior to the
     beginning of the current payroll reporting period" -- Ohio
     Adm.Code 4121-7-17(C).
     (No. 92-2358 -- Submitted July 28, 1993 -- Decided
September 8, 1993.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-517.
     On August 22, 1986, Metropolitan Trucking, Inc. ("Metro"),
suspecting premium overpayment, requested an audit by appellee
Bureau of Workers' Compensation.  Metro, a New Jersey-based
company, essentially related that between 1982 and June 1986,
it had requested, and paid for, workers' compensation coverage
for all its drivers and one Ohio-based salesman.  Continuing,
Metro explained that driver coverage had been secured by a
Metro employee who was apparently unaware that the drivers
already carried New Jersey coverage.  Having discovered its
error, Metro requested "a refund on payments that have been
made to the State Workers' Compensation Bureau for drivers."
     A bureau audit confirmed an overpayment over the period
alleged.  Reimbursement of $51,226.23 was made for the period
July 1, 1984 through June 30, 1986.  The bureau, however,
refused to refund monies overpaid from January 1, 1982 through
June 30, 1984, citing Ohio Adm. Code 4121-7-17(C).  On appeal,
both appellee Industrial Commission's adjudicating committee
and the commission itself upheld the bureau's decision.
     Metro's successor in interest, appellant, Transit
Management Service, Inc., filed a complaint in mandamus in the
Court of Appeals for Franklin County, alleging that the
commission and bureau abused their discretion in denying
appellant reimbursement for the period prior to July 1, 1984.
The appellate court disagreed, finding that Ohio Adm. Code
4121-7-17(C) limited premium adjustments, and hence
reimbursement, to two years prior to the date that the error

was brought to the bureau's attention, and denied the writ.

This cause is now before this court upon an appeal as of right.

Jack L. Johnson, for appellant.
Lee I. Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellees.

Per Curiam. Ohio Adm. Code 4121-7-17(C) relevantly provides:

"* * * The Commission and Bureau shall also have the right to make adjustments as to classifications, allocation of wage expenditures to classifications, amount of wage expenditures, premium rates and/or amount of premium. No adjustments, however, shall be made in an employer's account which result in reducing the amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustments for the semi-annual and/or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period, when such errors affecting the reports and the premium are brought to the attention of the Commission and Bureau by an employer through written application for adjustment or found by the Commission and Bureau."

Overpayment here was caused by appellant's error. Appellant notified the bureau of its mistake on August 22, 1986. Relying on Ohio Adm. Code 4121-7-17(C), appellees restricted the adjustment/refund to the two years prior to the beginning of the payroll reporting period in which the error notification fell. We find that appellees acted properly.

Two recent cases control. In State ex rel. Harry Wolsky Stair Builder, Inc. v. Indus. Comm. (1991), 58 Ohio St.3d 222, 569 N.E.2d 900, we affirmed Ohio Adm. Code 4121-7-17(C)'s validity. Wolsky also negates appellant's claim that overpayment reimbursement is not an "adjustment," so as to render Ohio Adm. Code 4121-7-17(C) inapplicable. To the contrary, the opinion states:

"Whether an error creates an underpayment or overpayment, adjustment is limited to the period 'twenty-four months immediately prior to the beginning of the current payroll reporting period * * *.' No distinction is made between employer and bureau error * * *." Id. at 223, 569 N.E.2d at 901-902.

Appellant unsuccessfully attempts to distinguish Wolsky. Appellant argues that it was never required to pay anything to Ohio for coverage, since its employees had New Jersey coverage. This, appellant claims, sets it apart from Wolsky where payment was required, but was merely made in the wrong amount.

Appellant misstates the present facts. While Ohio coverage may have been unnecessary for its drivers, appellant was still required to obtain Ohio coverage for its lone Ohio sales employee. Appellant essentially conceded this point in its August 22, 1986 letter, writing:

"* * * [W]e had only one salesperson domiciled in the State who worked exclusively in the State of Ohio. We fully

comprehend that we should have made payments for the salesman * * *."

Moreover, even if true, the distinction is inconsequential. In State ex rel. Granville Volunteer Fire Dept., Inc. v. Indus. Comm. (1992), 64 Ohio St.3d 518, 597 N.E.2d 127, the employer made a similar claim, arguing that because it had been misclassified as a private, not public, employer, it had not been "legally obligated" to contribute to the State Insurance Fund. We held otherwise, stating:

"GVFD challenges the applicability of Ohio Adm. Code 4121-7-17(C) ('Section [C]'), arguing that Section (C) governs only those employers who were 'legally obligated' to contribute to the State Insurance Fund. GVFD claims that under R.C. 505.41 it never had an obligation and, therefore, Section (C) does not control. Ohio Adm. Code 4121-7-17(C), however, contains no such qualification. It refers flatly to 'employer,' a term which includes GVFD." Id. at 520, 597 N.E.2d at 129.

Wolsky and GVFD confirm Ohio Adm. Code 4121-7-17(C)'s applicability to this case. As such, the commission properly refused to reimburse appellant beyond the two-year limitation period.

The judgment of the court of appeals denying the writ is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.