The State ex rel. Transit Management Service, Inc., Appellant, *v.* Bureau of Workers' Compensation et al., Appellees.

[Cite as *State ex rel. Transit Mgt. Serv., Inc. v. Ohio Bur. of Workers' Comp.* (1993), 67 Ohio St.3d 241.]

(No. 92–2358—Submitted July 28, 1993—Decided September 8, 1993.)

*Jack L. Johnson,* for appellant.

*Lee I. Fisher,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellees.

---

*Per Curiam.* Ohio Adm.Code 4121–7–17(C) relevantly provides:

" * * * The Commission and Bureau shall also have the right to make adjustments as to classifications, allocation of wage expenditures to classifications, amount of wage expenditures, premium rates and/or amount of premium. No adjustments, however, shall be made in an employer's account which result in reducing the amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustments for the semi-annual and/or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period, when such errors affecting the reports and the premium are brought to the attention of the Commission and Bureau by an employer through written application for adjustment or found by the Commission and Bureau."

Overpayment here was caused by appellant's error. Appellant notified the bureau of its mistake on August 22, 1986. Relying on Ohio Adm.Code 4121–7–17(C), appellees restricted the adjustment/refund to the two years prior to the beginning of the payroll reporting period in which the error notification fell. We find that appellees acted properly.

Two recent cases control. In *State ex rel. Harry Wolsky Stair Builder, Inc. v. Indus. Comm.* (1991), 58 Ohio St.3d 222, 569 N.E.2d 900, we affirmed Ohio Adm.Code 4121–7–17(C)'s validity. *Wolsky* also negates appellant's claim that overpayment reimbursement is not an "adjustment," so as to render Ohio Adm.Code 4121–7–17(C) inapplicable. To the contrary, the opinion states:

"Whether an error creates an underpayment or overpayment, adjustment is limited to the period 'twenty-four months immediately prior to the beginning of the current payroll reporting period * * *.' No distinction is made between employer and bureau error * * *." *Id.* at 223, 569 N.E.2d at 901.

Appellant unsuccessfully attempts to distinguish *Wolsky.* Appellant argues that it was never required to pay *anything* to Ohio for coverage, since its employees had New Jersey coverage. This, appellant claims, sets it apart from *Wolsky* where payment *was* required, but was merely made in the wrong amount.

Appellant misstates the present facts. While Ohio coverage may have been unnecessary for its drivers, appellant was still required to obtain Ohio coverage for its lone Ohio sales employee. Appellant essentially conceded this point in its August 22, 1986 letter, writing:

" * * * [W]e had only one salesperson domiciled in the State who worked exclusively in the State of Ohio. We fully comprehend that we should have made payments for the salesman * * *."

Moreover, even if true, the distinction is inconsequential. In *State ex rel. Granville Volunteer Fire Dept., Inc. v. Indus. Comm.* (1992), 64 Ohio St.3d 518, 597 N.E.2d 127, the employer made a similar claim, arguing that because it had been misclassified as a private, not public, employer, it had not been "legally obligated" to contribute to the State Insurance Fund. We held otherwise, stating:

"GVFD challenges the applicability of Ohio Adm.Code 4121–7–17(C) ('Section [C]'), arguing that Section (C) governs only those employers who were 'legally obligated' to contribute to the State Insurance Fund. GVFD claims that under R.C. 505.41 it never had such an obligation and, therefore, Section (C) does not control. Ohio Adm.Code 4121–7–17(C), however, contains no such qualification. It refers flatly to 'employer,' a term which includes GVFD." *Id.* at 520, 597 N.E.2d at 129.

*Wolsky* and *GVFD* confirm Ohio Adm.Code 4121–7–17(C)'s applicability to this case. As such, the commission properly refused to reimburse appellant beyond the two-year limitation period.

The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.