[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 1219.]

BROCWELL, APPELLEE, *v.* KING ET AL.; PROGRESSIVE CASUALTY INSURANCE COMPANY, APPELLANT.

[Cite as *Brocwell v. King*, 1996-Ohio-446.]

*Motion for discretionary appeal denied.*

(No. 95-2496—Submitted March 19, 1996—Decided June 19, 1996.)

APPEAL from the Court of Appeals for Richland County, No. 95-25.

————————————

*Owens & Martin Co., L.P.A., James J. Martin* and *Timothy L. Cardwell,* for appellee.

*Roetzel & Andress, Ronald B. Lee* and *Laura M. Faust,* for appellant.

————————————

{¶ 1} This cause is before the court on a motion for discretionary appeal/claimed appeal as of right. The motion is denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, J., dissents.

————————————

**DOUGLAS, J., dissenting.**

{¶ 2} I respectfully dissent from the ruling by the majority not to accept this case for review. I would accept the case to review and decide the issues presented by appellant (Progressive Casualty Insurance Company) in Propositions of Law Nos. 1 and 4.

I

{¶ 3} The issue presented by appellant's Proposition of Law No. 1 is whether Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 204, should be applied

retroactively. The issues arise out of the much discussed case of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.

{¶ 4} In seeking our review of this question, appellant makes two arguments. First, appellant says that there are "[q]uestions of public and great general interest relating to the extent and nature of available uninsured/underinsured motorist coverage, subsequent to the overruling of *Savoie v. Grange Mutual Insurance Company* * * * by Am.S.B. No. 20 * * *." Thus, contends appellant, the General Assembly has "overruled" a decision of this court—the Supreme Court of Ohio.

{¶ 5} Second, appellant says that "* * * questions of great public and general interest are raised with respect to the issue of whether the General Assembly's expression of prior statutory intent regarding R.C.§ 3937.18, as set forth in Am.S.B. 20[,] has in effect nullified the *Savoie* decision and the extent of the reverberations of that nullification." Accordingly, it is appellant's contention that the *120th* General Assembly, which passed Am.Sub.S.B. No. 20, was declaring what the "intent" of the *114th* General Assembly was when that General Assembly passed a predecessor statute to the current version of R.C. 3937.18.

{¶ 6} Either or both of appellant's arguments may, or may not, have validity. Those decisions are left for another day because the threshold issue is whether the legislation can be applied retroactively. That is all that is presented to us in appellant's Proposition of Law No. 1.

II

{¶ 7} Appellant's fourth proposition of law raises the issue of whether an insured is entitled to *both* liability policy coverage limits *and* underinsured motorist benefits of the same policy. This issue raises the important question of setoff. I believe we should decide the question in this context as well as the other contexts of setoff we are currently considering.

### III

{¶ 8} Accordingly, I would grant appellant's application seeking us to accept jurisdiction. These are important issues that need to be decided. Because the majority does not do so, I respectfully dissent.

———————————