Plaintiff-Appellant, Richard Folger, filed the present action on April 19, 1996, seeking to recover damages from the estate of Hershel Roark based on an April 28, 1994, automobile accident between Folger and Roark. At the time of the accident, Roark was insured by Grange Mutual Insurance Company (Grange), with policy limits of $100,000.00 per person and $300,000.00 per occurrence. Folger's own policy with State Farm Mutual Automobile Insurance Company (State Farm) had underinsured motorists (UIM) coverage in the amount of $50,000.00 per person and $100,000.00 per occurrence. State Farm was included as an original defendant in Folger's action. After filing suit, Folger settled with Grange for its policy limits and dismissed Roark's estate from the case. The specific date of the settlement is not disclosed in the facts of record, but State Farm's counsel apparently learned of the settlement on July 16, 1997. In any event, no one disputes that the settlement occurred after the effective date of Am. Sub.S.B. 20 (Senate Bill 20), which amended R.C. 3937.18 and overruledSavoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 243.
According to the State Farm policy issued to Folger, an uninsured motor vehicle includes a vehicle that is insured or bonded for bodily injury liability at the time of the accident, but has limits of liability less than the insured's limits for uninsured motorists' coverage, i.e., the vehicle is "underinsured" in relationship to the insured's vehicle. A plain reading of the policy language and a comparison of the respective policy limits of the Grange and State Farm policies indicates that the tortfeasor's vehicle was not "underinsured," since the coverage of the Grange policy substantially exceeds the amount of the State Farm limits. However, under Savoie, Folger would nonetheless have been able to seek the additional $50,000.00 coverage offered under the State Farm policy, since Folger's damages apparently exceeded the Grange policy limits. On the other hand, R.C. 3937.18, as amended by Senate Bill 20, would prevent any recovery by Folger under the State Farm policy, because an insured is no longer allowed to use underinsured motorists coverage as excess insurance. See, R.C. 3937.18(A)(2).
In the trial court, State Farm argued that Savoie did not apply to Folger's UIM claim because the State Farm policy provides, with regard to such coverage, that:
 [t]here is no coverage until the limits of liability of all bodily injury liability bonds and policies that apply have been used up by payment of judgments or settlements.
The conditions section of the policy further states that no right of action exists against State Farm until all the terms of the policy have been met. Therefore, according to State Farm, Folger's cause of action against State Farm did not accrue until the settlement of Folger's claim against Roark's estate, which took place after the effective date of Senate Bill 20. By contrast, Folger contended in the trial court that Savoie should apply, since the accident occurred on April 28, 1994, before the effective date of the bill.
The trial court granted summary judgment to State Farm, and in doing so, specifically relied on our decision in Ross v.Farmers Ins. Group of Companies (Jan. 10, 1997), Montgomery App. No. 15865, unreported, certified conflict accepted for review,78 Ohio St.3d 1229. Folger now appeals, raising the following single assignment of error:
 The court erred to the prejudice of Plaintiff by finding that § 3937.18 as amended by Senate Bill 20 effective 10/20/94 is applicable to the plaintiff's claim and that plaintiff's cause of action against Defendant, State Farm, accrued after Plaintiff settled his action with the tortfeasor's insurance company on July 16, 1997.
Upon consideration of the assignment of error, we find it without merit and affirm the decision of the trial court.
At the outset, we emphasize that we have thoroughly considered Folger's arguments, including Folger's contention that our decision in Ross is inconsistent with Aetna Life Ins. Co. v.Schilling (1993), 67 Ohio St.3d 164. However, we previously rejected the same claims in Ross, which is factually and legally on point with the present case. In Ross, we analyzed relevant caselaw, including Schilling and Kraly v. Vannewkirk (1994),69 Ohio St.3d 627, and concluded as follows:
 [T]he operative date for determining whether to apply "former R.C. 3937.18" or the Savoie amendment (Am.Sub.S.B.20) is not the accident date but the date that the insured settled with the tortfeasor's liability carrier and became entitled to pursue underinsured coverage.
Id. at p. 3.
Our review of pertinent cases decided after Ross gives us no reason to reconsider our position. In particular, we note that the Ohio Supreme Court upheld amended R.C. 3937.18 as constitutional in Beagle v. Walden (1997), 78 Ohio St.3d 59. Moreover, while we have found authority agreeing with our decision in Ross, we have not located any cases criticizing Ross. See,Balatgek v. State Farm Ins. Co. (June 12, 1997), Franklin App. No. 96APE12-1619, unreported (finding Ross persuasive in connection with the proposition that "the law in effect when the right to UIM coverage accrues, is the law that controls"). Likewise, we have not discovered authority approving of the two decisions that conflict with Ross and are part of the certified case pending in the Ohio Supreme Court. See, Ross v. Farmers Ins.Group of Cos. (1997), 78 Ohio St.3d 1493 (determining that conflict exists between Ross and two cases: Brocwell v. King
(October 24, 1995), Richland App. No. 95-25, unreported, discretionary appeal denied (1996), 75 Ohio St.3d 1219; andHeritage Mut. Ins. Co. v. McBee (Aug. 21, 1996), Summit App. No. 17440, unreported).
Finally, we note that the Fifth Circuit in Brocwell did not consider the issue of when a cause of action for underinsured motorists benefits accrues, but instead focused only on whether Senate Bill 20 should be retroactively applied. The accident inBrocwell occurred before the effective date of the bill and the court did not mention when settlement with the tortfeasor was made. By contrast, in a decision filed after Brocwell, the Fifth Circuit found that the right of action for underinsured coverage accrues when a settlement is entered into with the tortfeasor's insurer. See, Snyder v. Nationwide Mut. Ins. Co. (Dec. 4, 1995), Stark App. No. 1995CA00146, unreported, p. 2, affirmed in part and appeal dismissed in part as improvidently granted, (1996),76 Ohio St.3d 220. Furthermore, in reaching its conclusion about the accrual date, the court in Snyder relied on language in Savoie
to the effect that "underinsured coverage is only available when the damages suffered exceed those monies available under the tortfeasor's liability coverage." Id., citing Savoie, syllabus 3. However, the application of revised R.C. 3937.18 was not at issue in Snyder because both the accident and the settlement with the tortfeasor occurred before the effective date of Senate Bill 20.
Based on the preceding analysis, we find that the trial court properly awarded summary judgment to State Farm. Because Folger's settlement with the tortfeasor took place after the effective date of Senate Bill 20, coverage under the State Farm policy was not available to Folger as excess insurance. Accordingly, Folger's single assignment of error is overruled and the judgment of the trial court is AFFIRMED.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Thomas M. Baggott
Gordon D. Arnold
Hon. M. David Reid