[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 221.]

THE STATE EX REL. ROBERDS, INC., APPELLANT, *v.* CONRAD, ADMR., BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *State ex rel. Roberds, Inc. v. Conrad*, 1999-Ohio-97.]

*Workers' compensation—Underpayment of premiums due to occupational misclassification of some employees discovered during audit by Bureau of Workers' Compensation—Bureau may recover any underpaid premiums retroactive to two years before the audit—Ohio Adm.Code 4123-17-17(C).*

(No. 97-225—Submitted May 4, 1999—Decided August 25, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD02-213.

_____

{¶ 1} Appellant, Roberds, Inc., sells furniture, carpet, appliances, and electronics. In late 1993, appellee, Bureau of Workers' Compensation, audited Roberds's records to verify its reporting of occupational classifications within its organization, such classifications being the measure of the amount of workers' compensation premiums due. The audit covered the period January 1, 1992 through December 31, 1993.

{¶ 2} The audit revealed that Roberds had misclassified some of its employees and, as a result, underpaid its premiums by over $1,000,000. Roberds challenged these findings, particularly the bureau's decision to classify Roberds's carpet sales people under Manual No. 8015-03 (Furniture Stores) instead of Manual No. 8747-15 (Traveling Salespersons). It alternatively asserted that the bureau could not seek recovery for any underpaid premiums that occurred more than one year before the audit.

{¶ 3} After failing in its administrative appeal, Roberds filed a complaint in mandamus in the Court of Appeals for Franklin County. That court held that the bureau's classification of Roberds's carpet sales people was appropriate and

accepted the bureau's argument that it could recover any underpaid premiums retroactive to two years before the audit.

{¶ 4} This cause is now before this court upon an appeal as of right.

_____

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte* and *Michelle Depew Bach*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 5} Section 35, Article II of the Ohio Constitution authorizes a board to "classify all occupations, according to their degree of hazard * * *." The provision was implemented in what is now R.C. 4123.29(A)(1), which directs the bureau to "[c]lassify occupations or industries with respect to their degree of hazard."

{¶ 6} This directive is reflected in over two hundred separate occupational classifications within the Ohio Workers' Compensation Insurance Fund Manual, and each classification reflects a distinct degree of occupational hazard.

{¶ 7} The manual designates the basic rate that an employer must pay, per $100 in payroll, to secure workers' compensation coverage for its employees. Each occupational classification has a corresponding basic dollar rate. This base rate applies to all employers within the classification and effectively spreads the total loss within the classification among all members.

{¶ 8} The employer's submission of premium and payroll data to the bureau is essentially on an honor system. Unless an audit of the employer's records reveals otherwise, the bureau presumes that the employer has correctly reported its premiums. In this case, the audit revealed that Roberds had misclassified some of its employees. The bureau ultimately classified Roberds's carpet sales employees under Manual No. 8015-03, "Furniture Stores — retail or wholesale — no

manufacturing including warehouse, delivery and all incidental operations." Roberds seeks reclassification of these workers into the lower rate category of Manual No. 8747-15, "Traveling Salespersons," and advances two reasons in support. Neither reason is persuasive.

{¶ 9} Roberds first argues that because carpet sales employees do some work outside the store, *i.e.,* measuring rooms and providing on-site advice, they should be considered Traveling Salespersons. A considerable amount of work, however, is also done in-store by these employees, and it was the bureau's prerogative to best characterize the activity performed by them.

{¶ 10} Roberds also argues that because its corporate officers have been classified as Traveling Salespersons, so should its carpet sales people. This argument is untenable, since the two groups of employees do not have similar functions.

{¶ 11} The bureau is afforded a "wide range of discretion" in dealing with the "difficult problem" of occupational classification. *State ex rel. McHugh v. Indus. Comm.* (1942), 140 Ohio St. 143, 149, 23 O.O. 361, 364, 42 N.E.2d 774, 777. Therefore, we have "generally deferred to the commission's expertise in premium matters" and will intervene "only where classification has been arbitrary, capricious or discriminatory." *State ex rel. Progressive Sweeping Contractors, Inc. v. Ohio Bur. of Workers' Comp.* (1994), 68 Ohio St.3d 393, 396, 627 N.E.2d 550, 552. Here, the bureau's classification was reasonable, negating Roberds's claim to a clear legal right to the proposed reclassification.

{¶ 12} Turning now to the issue of premium underpayment, there is no dispute that as a result of its employee misclassification, Roberds owes the bureau over $1,000,000. The bureau seeks to recover all or part of the arrearage. At issue is the length of the period over which recovery is permissible.

{¶ 13} Two provisions are relevant. Ohio Adm.Code 4123-17-17 governs "auditing and adjustment of payroll reports," and at paragraph (C) reads:

"The bureau shall have the right at all times * * * to inspect, examine or audit any or all books, records, papers, documents and payroll of * * * employers for the purpose of verifying the correctness of reports made by employers of wage expenditures * * *. The bureau shall also have the right to make adjustments as to classifications, allocation of wage expenditures to classifications, amount of wage expenditures, premium rates or amount of premium. No adjustments, however, shall be made in an employer's account which result in reducing any amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustments for the semi-annual or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period * * *."

{¶ 14} The other provision, Ohio Adm.Code 4123-17-28, states:

"(A) Whenever the bureau of workers' compensation detects an inaccuracy in the recording or processing of data, records, payroll, claims, or other pertinent items affecting the risk's status, merit-rated modification or premium, such discrepancy shall be corrected. This correction shall be accomplished regardless of whether this entails increasing or decreasing the risk's merit-rated modification or premium rate. * * *

"(B) Any correction made pursuant to the provisions of paragraph (A) of this rule shall be applied to the current rating year, the immediately preceding rating year, and to all subsequent rating years as of the date on which the error was discovered by the bureau or reported to the bureau, whichever date is earlier * * *."

{¶ 15} Because Ohio Adm.Code 4123-17-17(C) ("paragraph 17[C]") permits adjustment for an arrearage up to two years prior to an error and Ohio Adm.Code 4123-17-28(B) ("paragraph 28") limits it to one year, Roberds naturally argues that the latter paragraph controls. We disagree.

{¶ 16} Ohio Adm.Code 4123-17-17(C)'s predecessor, former Ohio Adm.Code 4121-7-17(C), has come before us several times. See *State ex rel. Harry*

*Wolsky Stair Builder, Inc. v. Indus. Comm.* (1991), 58 Ohio St.3d 222, 569 N.E.2d 900; *State ex rel. Granville Volunteer Fire Dept., Inc. v. Indus. Comm.* (1992), 64 Ohio St.3d 518, 597 N.E.2d 127; *State ex rel. Able Temps, Inc. v. Indus. Comm.* (1993), 66 Ohio St.3d 22, 607 N.E.2d 450; and *State ex rel. Transit Mgt. Serv., Inc. v. Ohio Bur. of Workers' Comp.* (1993), 67 Ohio St.3d 241, 617 N.E.2d 680. *Harry Wolsky* is the most relevant case, since the court indicated there that under former paragraph 17(C), it is immaterial "[w]hether an error creates an underpayment or overpayment, adjustment is [nevertheless] limited to the period 'twenty-four months immediately prior to the beginning of the current payroll reporting period.' " *Id.* at 223, 569 N.E.2d at 901. We agree. This is important, because Roberds argues that paragraph 17(C), by referring solely to overpaid premiums, does not apply to underpayments.

{¶ 17} Further, the court of appeals, through its magistrate, made the same observation in *State ex rel. Bauer Roofing & Siding Co. v. Devery* (Feb. 1, 1996), Franklin App. No. 95APD01-37, unreported. In that case, Roberds's counsel made the same argument on behalf of a different employer. In rejecting that proposition, the magistrate wrote in a report issued on October 13, 1995:

"Although the dictum in *Harry Wolsky Stairbuilder* [*sic*]*, Inc.* does not control the outcome of the instant case, it is noteworthy that the adjustments resulting in additional payments due from relator herein arose from relator's inappropriate reporting of payroll classifications, as was discovered during the BWC audit of relator's records. This is the same category of error which the court considered in *Harry Wolsky Stair Builder, Inc.*[,] where the court had expressed the belief that all subsection [17](C) errors were intended by the BWC to be treated uniformly with respect to the time period for adjustments."

{¶ 18} *Bauer* made a second observation:

"Moreover, subsection [17](C) refers specifically to the auditing of employers' records for the purpose of verifying the correctness of employers'

reports. This is in contrast to subsection 28[,] which permits the BWC to correct inaccuracies in the recording or processing of information. Ohio Adm.Code 4123-17-28, by its terms, has no application to premium adjustments resulting from an audit, such as occurred here. Thus, it is clear from the plain language of subsection 28 that its one-year provision does not apply to the instant circumstances."

{¶ 19} Roberds's argument potentially eviscerates Ohio Adm.Code 4123-17-17(C), since, technically, employee misclassification can be considered an inaccuracy affecting employer's premium rates under paragraph 28(A). But paragraph 17(C) exists nonetheless, and it cannot be considered meaningless. This controversy indeed arose out of the auditing process and the adjustment of payroll reports, and we do not find the bureau's decision to follow paragraph 17(C) to be an abuse of discretion.

{¶ 20} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————