[Cite as *Automation Tool & Die, Inc. v. Ohio Bur. of Workers' Comp.*, 2016-Ohio-4882.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Automation Tool & Die, Inc., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-631 |
| v. | : | (Ct. of Cl. No. 2014-00983) |
| Ohio Bureau of Workers' Compensation, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 7, 2016

**On brief:** *LoPresti, Marcovy & Marotta, LLP, Thomas P. Marotta*, and *Michael S. Lewis*, for appellant. **Argued:** *Michael S. Lewis*.

**On brief:** Michael DeWine, Attorney General*, Peter DeMarco*, and *Lindsey Grant*, for appellee. **Argued:** *Peter DeMarco*.

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Automation Tool & Die, Inc. ("ATD"), appeals a decision of the Court of Claims of Ohio granting defendant-appellee's, Ohio Bureau of Workers' Compensation ("BWC"), motion to dismiss ATD's amended complaint pursuant to Civ.R. 12(B)(6). ATD seeks to reverse that decision and have this Court remand the matter for further proceedings.

{¶ 2} BWC filed a cross assignment of error on the Court of Claims's failure to dismiss ATD's claims based on BWC's statute of limitations.

{¶ 3} An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 81, 2004-Ohio-4362, ¶ 5; *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 418, 2002-Ohio-2480, ¶ 5. In

No. 15AP-631

reviewing whether to grant a motion to dismiss, a court must take all the factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Additionally, before the motion can be granted, it must appear beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Beretta U.S.A. Corp.* at ¶ 5, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 4} For the reasons set forth below, we affirm the decision of the Court of Claims.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 5} ATD seeks money damages against BWC based on alleged breach of statutory and fiduciary duties in connection with the claims of an ATD employee, who ATD believed was defrauding the workers' compensation system. In September 2008, ATD employee, William Browning, Jr., filed a claim with BWC for a workplace back injury. BWC allowed his claim for a lumbar sprain. On January 29, 2009, Browning's treating physician declined Browning's request to renew his prescription for narcotic medications, and Browning terminated his relationship with that physician. In July 2009, Browning requested additional allowances for back conditions, which BWC allowed. ATD asserts that Browning sought narcotics from a number of Ohio physicians, alleging that "during the period of 2009 to 2012, Browning obtained approximately 14,000 doses of narcotic pain medications at the cost of approximately $30,000.00, as well as other benefits and compensation, which were paid for by BWC through his claim against ATD." ( Feb. 2, 2015 ATD's First Am. Petition for Declaratory Jgmt. at 2. )

{¶ 6} In the fall of 2011, ATD learned that Browning was working on a construction project while claiming to be disabled from work due to the alleged 2008 workplace injury. ATD hired an investigator, who obtained video of Browning working on a residential renovation. ATD turned the results of its investigation over to BWC's Special Investigation Unit. BWC then investigated Browning's claims and declared an overpayment of improperly received temporary total benefits, but BWC did not seek a finding of fraud against Browning before the Industrial Commission of Ohio ("ICO"). ATD pursued the matter before ICO, which issued a finding of fraud against Browning

No. 15AP-631

and denied his original claim and additional allowances on the basis of fraud. Browning did not appeal ICO's order.

{¶ 7} On December 18, 2014, ATD filed its initial petition for declaratory judgment and complaint for equitable relief against BWC in the Court of Claims. On January 20, 2015, BWC moved to dismiss ATD's complaint pursuant to Civ.R. 12(B)(6) for the reason that the claims arose from BWC's performance of a public duty under R.C. Chapter 2743.

{¶ 8} On February 2, 2015, ATD filed an amended petition and complaint for the following claims: (1) Petitioning for Declaratory Judgment pursuant to R.C. 2721.01, et seq., (2) Breach of Statutory and Regulatory Duties, and (3) Unjust Enrichment; Restitution. ATD alleges that BWC is ATD's insurer and owes ATD "a fiduciary duty to act in good faith in investigating and administering claims." (*Id.* at 4.) ATD claims that BWC breached its duty by failing to adequately investigate Browning's original and subsequent claims pursuant to R.C. 4121.13. ATD further alleges that BWC has a "special relationship" with ATD pursuant to R.C. 2743.02, and so has waived immunity as to ATD with respect to BWC's duty to investigate pursuant to R.C. 4121.13. (*Id.* at 5.)

{¶ 9} ATD asserts that BWC investigated Browning's activities only after receiving the results of ATD's investigation. ATD claims that BWC "heedlessly and willfully" neglected its statutory duties, thus breaching its duty to ATD, which directly and proximately caused ATD to incur damages, including the costs and expenses of investigating and defending Browning's claim. (*Id.*)

{¶ 10} Finally, ATD alleges that BWC was unjustly enriched because its failure to perform its statutory duties "compelled" ATD to investigate Browning's claims for both ATD's own protection and "for the protection of the public from such fraudulent conduct." (*Id.* at 6.) ATD seeks equitable relief in the form of "restitution for all costs and expenses incurred in the conduct on the investigation of Browning's fraudulent conduct." (*Id.*)

{¶ 11} On March 2, 2015, BWC filed its motion to dismiss ATD's amended complaint pursuant to Civ.R. 12(B)(6), asserting that ATD's claims arise from BWC's performance of a public duty, and the complaint fails to set forth a claim under R.C. 2743.02(A)(3)(b), which waives sovereign immunity in certain circumstances. BWC also argues that the applicable statute of limitations bars ATD's recovery, because the alleged

No. 15AP-631

cause of action accrued more than two years before ATD filed its lawsuit. On March 16, 2015, ATD filed a memorandum in opposition to the motion to dismiss its amended complaint.

{¶ 12} On May 29, 2015, the Court of Claims granted BWC's Civ.R. 12(B)(6) motion to dismiss, finding that ATD's amended complaint failed to state a claim for relief. The Court of Claims's entry of dismissal did not address BWC's statute of limitations argument.

## II. ASSIGNMENTS OF ERROR

{¶ 13} ATD's appeal from the Court of Claims's May 29, 2015 entry granting BWC's motion to dismiss, and includes just one assignment of error for this court's review:

> The court of claims erred, as a matter of law, by dismissing automation's claims for breach of statutory and fiduciary duties.

{¶ 14} Additionally, BWC raises a cross-assignment of error from the May 29, 2015 dismissal entry:

> The court of claims erred when it failed to find that automation's claims are barred by the applicable statute of limitations.

## III. DISCUSSION

{¶ 15} ATD raises two issues in its assignment of error. The first issue is the argument that "[t]he Court of Claims erred, as a matter of law, by applying a heightened pleading standard to [ATD's] breach of statutory duty claim." (Emphasis omitted.) (ATD's Brief at 8.) ATD argues that "Ohio is a notice-pleading state and does not require a plaintiff to plead operative facts with particularity." *Beretta U.S.A. Corp.* at ¶29. ATD asserts that its amended complaint complies with the notice pleading standard of Civ.R. 8(A), which requires only "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." (ATD's Brief at 8.) ATD further asserts that its amended complaint was sufficient to put BWC on notice that ATD was seeking damages for a breach of duty arising out of a special relationship regarding Browning's claim. The second issue argued in conjunction with ATD's sole assignment of error is that the Court of Claims erred as a matter of law by finding that BWC owed ATD no fiduciary duty.

No. 15AP-631

{¶ 16} This Court has conducted a de novo review of the record and concludes that the Court of Claims appropriately reviewed and decided BWC's motion to dismiss pursuant to Civ.R. 12(B)(6). The Court of Claims correctly determined that, to sustain its claim that BWC acted as an insurer and thus owed ATD a fiduciary duty, ATD must satisfy the three-pronged test set forth in this Court's decision of *Cristino v. Admr., Ohio Bur. of Workers' Comp.*, 10th Dist. No. 12AP-60, 2012-Ohio-4420. The Court of Claims stated in relevant part:

> With regard to [ATD]'s claim that BWC acts as an insurer and thus owes [ATD] a fiduciary duty, [ATD] must show: (1) the existence of a duty arising from a fiduciary relationship; (2) [BWC's] failure to observe that duty, and (3) an injury proximately resulting therefrom. *Cristino v. Adm'r, Ohio Bureau of Worker' Comp.,* 10th Dist. Franklin No. 12AP-60, 2012-Ohio-4420, ¶ 16, *see also Wells Fargo Bank, N.A. v. Sessley,* 10th Dist. Franklin No. 09AP-178, 2010-Ohio-2902 ¶ 36.

> [ATD] argues that its amended complaint states a claim for breach of fiduciary duty because BWC acted as an insurer with regard to Browning's claim. However, the Supreme Court of Ohio has held that the BWC's "sole fiduciary responsibility is to the State Insurance Fund." *State ex rel. Harry Wolsky Stair Builder, Inc. v. Indust. Comm. of Ohio,* 58 Ohio St.3d 222, 224 (1991); *see also State ex rel. Weimer v. Indus. Comm.,* 62 Ohio St.2d 159 (1980). "Where there is no fiduciary relationship between the parties, a breach-of-fiduciary-duty claim necessarily fails. *Wells Fargo Bank, supra,* at ¶ 36. Inasmuch as there was no fiduciary relationship between [ATD] and BWC, [ATD] fails to state a claim for breach of fiduciary duty as a matter of law.

(May 29, 2015 Entry of Dismissal at 2-3.)

{¶ 17} The record indicates that the only statutory duty BWC is alleged to have violated is a public duty, but as a matter of law, BWC cannot be held liable for damages arising from the failure to perform this duty. In reaching its finding, the Court of Claims relied in part on prior decisions of this Court:

> Thus, [BWC]'s duty to investigate fraud or illegalities pertaining to the workers' compensation system is a public duty, and "[a]s such, [public duties] do no flow to any private individual, including the individual being regulated,

No. 15AP-631

> inspected, licensed or audited, and including any individuals who would benefit from these governmental functions." *Markowitz v. Dep't of Ins.,* 144 Ohio App.3d 155, 161 (10th Dist.2001).
>
> "By statute, the state is generally immune from liability in a civil action based on the performance or nonperformance of a 'public duty.' " *Connor v. Wright State Univ.,* 10th Dist. Franklin No. 13AP-116, 2013-Ohio-5701, ¶ 11. "The immunity afforded by R.C. 2743.02(A)(3)(a) 'does not apply to any action of the state under circumstances in which a special relationship can be established between the state and an injured party.' R.C. 2743.02(A)(3)(b). * * * Thus, under R.C. 2743.02(A)(3)(b), the state can be held liable for its performance or non-performance of a public duty, which is otherwise exempted from the state's waiver of sovereign immunity, when it stands in a special relationship with the injured party." *Burr v. Ohio State Hwy. Patrol,* 10th Dist. Franklin No. 12AP-26, 2012-Ohio-4906, ¶ 20.

(Entry of Dismissal at 4.)

{¶ 18} A special relationship exists if all five elements as set forth in R.C. 2743.02(A)(3)(b) are present. However, as the Court of Claims observed, under the "special relationship" exception to the public duty rule, "the assumption of an affirmative duty on [the State's] part requires that the [State] do more than adhere to its statutory duty. It must voluntarily assume some additional duty." *Commerce & Indus. Ins. Co. v. Toledo,* 45 Ohio St.3d 96, 101 (1989).

{¶ 19} BWC's duty to investigate workers' compensation fraud is a public duty. The Court of Claims found that ATD did not allege that its relationship with BWC qualifies as a special relationship:

> [ATD] has failed to allege that BWC breached any duty it owed other than the public duty that the BWC owes to all employers. Furthermore, [ATD] has not alleged any facts upon which the court can infer that BWC voluntarily assumed any additional duties. [ATD] acknowledges that once BWC was alerted to the potential fraud of Browning, it "investigate[d] Browning's activities" and "declared an overpayment of improperly received temporary total benefits." (Amended Complaint ¶ 12, 14).
>
> Although [ATD] alleges that BWC's failure to recognize and investigate Browning's fraud before [ATD] alerted BWC to the

fraud was a violation of BWC's duty to [ATD], [ATD's] pleading lacks adequate underlying factual allegations of promises or actions by BWC to demonstrate that it assumed affirmative duties beyond those that it owed the public. The pleading recites the statutory elements of a special relationship but presents legal conclusions couched as factual allegations, which need not be presumed true for purposes of a motion to dismiss. *Ford v. Brooks,* 10th Dist. Franklin No. 11AP-664, 2012-Ohio-943, ¶ 20. Accordingly, making all reasonable inferences in favor of [ATD], it appears beyond doubt that BWC is immune from liability pursuant to R.C. 2743.02(A)(3)(a) and 2743.02(E)(1).

(Entry of Dismissal at 5.)

{¶ 20} Based on our independent review of the record, we agree with the Court of Claims that the only statutory duty that BWC is alleged to have violated is a public duty for which BWC cannot be held liable as a matter of law. Additionally, we agree that BWC has no special relationship with ATD that would create an actionable fiduciary duty to ATD and, thus, cannot be held liable for a breach of duty that does not exist. Consequently, ATD's amended complaint fails to allege a claim upon which relief could be granted, and the Court of Claims correctly dismissed it. Having concluded this, the Court of Claims had no need to address BWC's statute of limitations argument. Similarly, this Court need not address BWC's cross assignment of error seeking to address the Court of Claims's failure to find that ATD's claims are barred by the statute of limitations.

## IV. CONCLUSION

{¶ 21} Because this court finds that the Court of Claims did not err, as a matter of law, by dismissing ATD's claims for breach of statutory and fiduciary duties, ATD's assignment of error is overruled. Further, because this Court finds that the Court of Claims, having granted BWC's Civ.R. 12(B)(6) motion, did not err when it also did not find that ATD's claims are barred by the applicable statute of limitations, BWC's cross-assignment of error is moot. Therefore, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

———————————