THE STATE, EX REL. COUNTRY COURT ET AL., APPELLANTS,
*v.* CREASY, DIR., ET AL., APPELLEES.

[Cite as State, ex rel. Country Court, v. Creasy (1980),
62 Ohio St. 2d 419.]

(No. 80-468—Decided June 25, 1980.)

420

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Rankin M. Gibson* and *Mr. W. Joseph Strapp,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Thomas W. Hess, Mr. William J. McDonald* and *Mr. George E. Lord,* for appellees.

*Per Curiam.* R. C. 2305.07 provides: "Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or *upon a liability created by statute* other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." (Emphasis added.) The 1971 bill is a liability created by statute and, as such, is subject to the above six year statute of limitations.

Appellants' right to the new rates under the 1971 bill derives solely from the appropriation bill. Thus, appellants' equal protection argument, premised on the diligence of the six nursing homes who brought a timely action, is without merit.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.