THE STATE, EX REL. VIOX BUILDERS, INC., APPELLANT, *v.* LANCASTER ET AL., APPELLEES.

[Cite as State, ex rel. Viox Builders, Inc., *v.* Lancaster (1989), 46 Ohio St. 3d 144.]

(No. 88-530—Submitted August 15, 1989—Decided October 25, 1989.)

*G. Mitchell Lippert,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellees.

*Per Curiam.* At issue is the commission's interpretation of the terms "occupations" and "industries" as used in R.C. 4123.29 (now 4123.29[A]). Because an action for declaratory judgment can fully resolve this question, we find that a plain and adequate remedy at law exists and thus affirm the appellate court's judgment.

To prevail in mandamus, relator must demonstrate that: (1) it has a clear right to the relief requested, (2) respondents are under a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81. Under the declaratory judgment provisions of R.C. 2721.02:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

In addition, R.C. 2721.03 provides that:

"Any person * * * whose rights, status, or other legal relations are affected by a constitutional provision [or] statute * * * may have determined any question of construction or validity arising under such * * * constitutional provision [or] * * * statute * * * and obtain a declaration of rights, status, or other legal relations thereunder. * * *" "Person," as defined by R.C. 2721.01, includes a corporation.

We find that a declaratory judgment action encompasses the statutory question presented here. We are mindful of our previous decision in *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525, wherein we held that the availability of declaratory judgment does not *per se* preclude mandamus relief. However, unlike *Fenske,* declaratory judgment in this case *would* provide a complete and therefore adequate remedy.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.