THE STATE, EX REL. MINUTEMEN, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State, ex rel. Minutemen, Inc., v. Indus. Comm.* (1991), 62 Ohio St.3d 158.]

(No. 90–1241—Submitted September 10, 1991—Decided December 4, 1991.)

160

*Gross, Goodman & Associates* and *Sanford Gross,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Gerald H. Waterman,* for appellee.

*Per Curiam.* Three questions are presented: (1) Is declaratory judgment an adequate remedy at law? (2) Do the classifications violate Section 35, Article II, Ohio Constitution and former R.C. 4123.29 by failing to reflect the degree of occupational or industrial hazard? and (3) Do the classifications violate equal protection? For the reasons to follow, we reverse the appellate court's judgment.

The court below mistakenly relied on *State, ex rel. Viox Builders, Inc., v. Lancaster* (1989), 46 Ohio St.3d 144, 545 N.E.2d 895, in finding a declaratory judgment action to be an adequate remedy at law. While the present case and *Viox* do share a common issue, the relief sought differs.

In *Viox,* the employer sought manual reclassification *only,* making declaratory judgment an appropriate vehicle for relief. Here, appellant seeks reclassification *and* reimbursement of all funds allegedly overpaid since July 1, 1987, when the new classification rates were first reflected in its premiums.

In *State, ex rel. Fenske, v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, at paragraph two of the syllabus, we held:

"The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. However, where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of a mandatory injunction, the availability of declaratory judgment is not an appropriate basis to deny a writ to which the relator is otherwise entitled."

In the case before us, complete relief contemplates a decree to compel reimbursement of allegedly overpaid funds should appellant prevail. *Viox* is thus distinguishable and does not control. We accordingly find declaratory judgment to be inadequate under these facts, and proceed to the merits of appellant's challenge.

Section 35, Article II, Ohio Constitution authorizes the creation of a board to "classify all occupations, according to their degree of hazard * * *." The provision was implemented in former R.C. 4123.29 (now 4123.29[A]) which orders the commission (now the Administrator of Workers' Compensation and the Workers' Compensation Board) to "classify occupations or industries with respect to their degree of hazard." This directive is reflected in over 200 separate occupational classifications contained in the Ohio Workers' Compensation Insurance Fund Manual, and each classification reflects a distinct degree of occupational hazard. Appellant asserts that the nine new classifications created exclusively for THA's are not based on the degree of hazard.

Appellant's argument is well taken. The commission's incorporation of 226 occupational classifications into nine broad THA categories while at the same time retaining the previous classifications for other employers indicates to us that the consolidated classifications were not based on occupational hazard. The commission does not vigorously dispute this conclusion, arguing instead that the hazard classification requirement may be disregarded in the interest of new classifications that are easier for THA's to understand and the Bureau of Workers' Compensation to administer. We disagree.

Former R.C. 4123.29 imposes a mandatory duty on the commission which "*shall* classify occupations or industries with respect to their degree of hazard." (Emphasis added.) Alleged administrative inconvenience does not excuse statutory noncompliance.

The commission suggests that temporary help is "historically less skilled and/or trained than * * * permanent employ[ees]." Besides being unsupported by any evidence of record, the point, even if true, is irrelevant. "Occupations or industries" are classified, not workers. Any allegations as to the safety record of a company's employees bears only on the company's merit rate, not its basic rate.

The commission lastly points to the considerable deference generally afforded to the commission to set rates. See, *e.g. Viox, supra; State, ex rel. McHugh, v. Indus. Comm.* (1942), 140 Ohio St. 143, 23 O.O. 361, 42 N.E.2d 774. This rate-setting expertise, however, cannot supersede a statutory mandate to classify occupations according to hazard.

In light of the foregoing conclusion, we find it unnecessary to address appellant's constitutional argument.

Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.