OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Able Temps, Inc. et al. v. Industrial Commission of Ohio et al.

[Cite as State ex rel. Able Temps, Inc. v. Indus. Comm. (1993),      Ohio St.3d      .]

Workers' compensation -- Rates of premium -- New classification created for temporary help agencies invalidated by Supreme Court decision -- Reimbursement of overpaid premiums -- Period over which temporary help agencies may be reimbursed governed by Ohio Adm. Code 4121-7-17(C)'s two-year limitation.

(No. 92-688 -- Submitted January 5, 1993  -- Decided February 24, 1993.)

In Mandamus.

An employer's workers' compensation premium rates are based on a basic rate derived from the occupational classifications applicable to its employees. By resolution effective July 1, 1985, respondent Industrial Commission prohibited temporary help agencies ("THAs") from using the over two hundred classifications available to other employers. THAs were instead assigned nine broad classifications, which resulted, in many cases, in an unfavorable disparity between the rates assessed to THAs and those assessed to other employers with employees doing identical work.

On December 4, 1991, State ex rel. Minutemen, Inc. v. Indus. Comm. (1991), 62 Ohio St. 3d 158, 580 N.E.2d 777, invalidated the separate THA classifications, finding that they were not based on "degree of hazard" as former R.C. 4123.29 (now 4123.29[A]) required. Effective July 1, 1992, those classifications were officially eliminated. In this present class action, relators, all THAs, seek to compel reimbursement of any overpaid premiums.

Pickrel, Schaeffer & Ebeling, David C. Korte and Mary M. Biagioli, for relators.

Lee I. Fisher, Attorney General, Gerald H. Waterman, Dennis L. Hufstader and Cordelia A. Glenn, Assistant Attorneys General, for respondents.

Per Curiam.  Preliminarily, two questions may be quickly resolved.  First, relators' request to compel reclassification is moot, since reclassification occurred on July 1, 1992.  Second, relators' request that this court declare the special THA classifications unconstitutional ignores our express refusal to address that issue in Minutemen, supra, 62 Ohio St.3d 158, 580 N.E.2d 777.  For the reason expressed in Minutemen, the constitutional question does not merit examination in this case.

Disposition of these questions leaves one matter for determination - - the period over which relators may be reimbursed.  Relators urge repayment from July 1, 1985, citing R.C. 2305.07 and 2305.14.  Respondents counter with Ohio Adm. Code 4121-7-17(C)'s two-year limitation.  We agree with the latter.

R.C. Chapter 2305 governs timely commencement of civil actions.  The timeliness of this action is not at issue.  Ohio Adm. Code 4121-7-17(C), however, is directly on point:

"The Commission and Bureau shall * * * have the right to make adjustments as to * * * premium rates and/or amount of premium.  No adjustments, however, shall be made in an employer's account which result in reducing the amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustments for the semi-annual and/or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period, when such errors affecting the reports and the premium are brought to the attention of the Commission and Bureau by an employer through written application for adjustment or found by the Commission and Bureau."

Ohio Adm. Code 4121-7-17(C)'s applicability to premium reimbursement cases was recently reaffirmed in both State ex rel. Harry Wolsky Stair Builder, Inc. v. Indus. Comm. (1991), 58 Ohio St. 3d 222, 569 N.E.2d 900, and State ex rel. Granville Volunteer Fire Dept., Inc. v. Indus. Comm. (1992), 64 Ohio St. 3d 518, 597 N.E.2d 127.

The existence of a specially applicable limitations period distinguishes this case from, for example, State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn. (1989), 42 Ohio St. 3d 86, 537 N.E.2d 646.  In Madden, relator's tenure as a teacher with respondent school district was interrupted by an eight-year hiatus for maternity reasons.  When she returned during the 1979-1980 school year, she was misclassified for salary purposes and continued at the wrong pay level until the 1985-1986 term.  In 1986, relator filed a mandamus petition to compel compensation at the appropriate level as well as back pay.

Among other defenses, respondent in Madden claimed that relator was not entitled to any reimbursement, since her suit, respondent alleged, was untimely.  Respondent argued that relator's cause of action arose in 1979, placing her 1986 suit beyond R.C. 2305.07's six-year limitations period.  This court disagreed, finding that each year in which relator had been misclassified constituted a "separate and distinct claim." Id., 42 Ohio St. 3d at 90, 537 N.E.2d at 649.  The court thus ordered that "[p]ursuant to R.C. 2305.07, relator should be

compensated for the six years prior to the filing of her complaint." Id.

Relators in the instant case have broadly interpreted this language as blanket authority for a recovery period dating back six years from the filing of the complaint any time any party seeks reimbursement from a defendant whose liability was created by statute. This construction fails for two reasons. First, R.C. Chapter 3317, from which the back pay claim in Madden stemmed, had no statute of limitations for reimbursements. Second, R.C. 2305.07 was used in Madden only to determine the timeliness of the complaint. The actual right to reimbursement flowed automatically under R.C. 3317.14. Madden, accordingly, is distinguishable from this case, as are State ex rel. Gingrich v. Fairfield City. Bd. of Edn. (1985), 18 Ohio St. 3d 244, 18 OBR 300, 480 N.E.2d 485, Zion Nursing Home, Inc. v. Creasy (1983), 6 Ohio St. 3d 221, 6 OBR 293, 452 N.E.2d 1272, and State ex rel. Country Court v. Creasy (1980), 62 Ohio St. 2d 419, 16 O.O.3d 446, 406 N.E.2d 521, on which relators also rely.

Having determined that Ohio Adm. Code 4121-7-17(C) controls, we must ascertain how far back adjustments that result in refunds may be made to relators' accounts. Respondents maintain that the date from which reimbursement should run is July 1, 1990 - - two years prior to the beginning of the payroll period in which separate THA rates were abandoned. Relators argue that under this rule they are entitled to reimbursement starting July 1, 1989 - - two years before the beginning of the payroll period in which the Minutemen decision fell. We favor the second alternative.

Ohio Adm. Code 4121-7-17(C) permits repayment from the point at which the "errors affecting the reports and the premiums are brought to the attention of the Commission and Bureau * * * or found by the Commission and Bureau." In this case, at the latest, respondents knew of the "error" as of December 4, 1991 (July 1, 1991 payroll period) - - the date Minutemen was decided. However, if an individual THA can prove that it notified the respondents of the error prior to that date, the applicable commencement date may vary accordingly.

Relators lastly urge us to prohibit respondents' overpayment audits as unnecessary and time-consuming. Relators' request, however, ignores respondents' fiduciary duty to the State Insurance Fund. Included among respondents' responsibilities is a duty to ensure that disbursements - - here, as refunds - - are accurate. Indus. Comm. v. Dell (1922), 104 Ohio St. 389, 396-397, 135 N.E. 669, 672. Respondents' audits will help ensure accurate reimbursement, benefitting both the THAs and the State Insurance Fund.

Relators have a clear legal right to reimbursement of premiums unlawfully assessed by respondents, with the two-year restriction of Ohio Adm. Code 4121-7-17(C) controlling. A writ of mandamus is accordingly granted to this extent only.

Writ granted.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.