THE STATE EX REL. PROGRESSIVE SWEEPING CONTRACTORS, INC. *v.* BUREAU OF WORKERS' COMPENSATION ET AL.

[Cite as *State ex rel. Progressive Sweeping Contrs., Inc. v. Ohio Bur. of Workers' Comp.* (1994), 68 Ohio St.3d 393.]

(No. 92–2622—Submitted November 9, 1993—Decided March 2, 1994.)

394

*Eastman & Smith, John T. Landwehr, Thomas J. Gibney* and *Kimberly S. Stepleton,* for relator.

*Lee I. Fisher,* Attorney General, *Gerald H. Waterman* and *Janie D. Roberts,* Assistant Attorneys General, for respondents.

*Per Curiam.* The bureau *must* "classify occupations or industries with respect to their degree of hazard[.]" R.C. 4123.29(A)(1); *State ex rel. Minutemen, Inc. v. Indus. Comm.* (1991), 62 Ohio St.3d 158, 580 N.E.2d 777. At issue is PSC's classification from January 1, 1988 through June 30, 1991.

In examining PSC's occupational classification, we are mindful of two points: (1) absolute precision in occupational classification is often impossible, and (2) judicial deference to respondents' occupational classification is required in all but the most extraordinary circumstances. As to the former, Professor Young explains:

"Industry is used in the sense of occupation. Normally, it is a horizontal rather than a vertical categorization, that is, it is a particular activity rather than an entire process. Welding would be an industry for purposes of classifications as contrasted to the steel industry. Precision in this method of classification would result in an unmanageable number of categories; thus some classifications

contain multiple occupations or industries." Young, Workmen's Compensation Law of Ohio (2 Ed.1971), Section 16.2.

Recognizing this difficulty, we have generally deferred to the commission's expertise in premium matters:

"The experience of men, expert in this department of investigation, whose reports are founded upon experience touching the various hazards of industries and occupations, should be given important consideration[.]" *State ex rel. Reaugh Constr. Co. v. Indus. Comm.* (1928), 119 Ohio St. 205, 209, 162 N.E. 800, 802.

Judicial intervention in premium matters has traditionally been warranted only where classification has been arbitrary, capricious or discriminatory. *Id.; Minutemen, supra.* See, generally, 4 Larson, Workmen's Compensation Law (1990), Section 92.67. Given this high threshold, we have been—and will continue to be—reluctant to find an abuse of discretion merely because the employer's actual risk does not precisely correspond with the risk classification assigned.

However, where the degree of occupational hazard encountered by a given industry differs from that of the classification as a whole to the extent found by the bureau's own underwriters in this case, we are compelled to find that the classification is indeed arbitrary. PSC is accordingly entitled to a rate adjustment. See *State ex rel. Able Temps, Inc. v. Indus. Comm.* (1993), 66 Ohio St.3d 22, 607 N.E.2d 450. Former R.C. 4123.29(B)(6) empowered the bureau to "develop classification of occupations or industries that are sufficiently distinct so as not to group employers in classifications that unfairly represent the risks of employment with the employer." 143 Ohio Laws, Part II, 3316. Thus, if the bureau had no classification that substantially reflected hazard, it could have created one. While this result should be the exception rather than the rule, it is warranted here. The bureau should not be permitted under the guise of administrative convenience to shoehorn an employer into a classification which does not remotely reflect the actual risk encountered.

The bureau also argues that PSC's failure to timely seek reconsideration of the Adjudicatory Committee order on rehearing amounts to a failure to pursue an adequate remedy at law, barring PSC's action. This is incorrect. PSC's untimely reconsideration request went to the reclassification question itself, which PSC ultimately won when the bureau indeed reclassified it. The present action arises from the commission's subsequent denial of PSC's request for rate adjustment over the relevant period.

For the reasons set forth above, a writ of mandamus is hereby granted.

*Writ granted.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.