Relator, Temporary Staffing, Inc., commenced this original action requesting a writ of mandamus which orders respondent Ohio Bureau of Workers' Compensation to vacate its order denying relator's request for a retroactive premium adjustment based upon the payroll reporting periods beginning July 1, 1986, and to enter an order granting relator's request.
Pursuant to Civ.R. 53 and Section M, Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. In his decision the magistrate found that the September 21, 1988 Ohio Temporary Services Association ("OTSA") petition did not constitute relator's written application for adjustment under former Ohio Adm. Code 4121-7-17(C). Accordingly, the magistrate decided that the court should deny relator's request for a writ of mandamus, as relator had failed to show that it brought the error in premium assessments to the attention of the bureau by a written application for adjustment prior to the decision in State ex rel.Minutemen, Inc. v. Indus. Comm. (1991), 62 Ohio St.3d 158.
Relator has filed an objection to the magistrate's decision, rearguing those matters addressed in the decision. For the reasons which follow, the objection is sustained.
In State ex rel. Able Temps, Inc. v. Indus. Comm.
(1993), 66 Ohio St.3d 22, the Supreme Court applied Ohio Adm. Code4121-7-17(C) and the two-year limitation contained in it to the facts surrounding Minutemen, and concluded that Ohio Adm. Code4121-7-17(C) permits repayment from the point at which the "errors affecting the reports and the premiums are brought to the attention of the Commission and Bureau * * * or found by the Commission and Bureau." Id. at 24. Finding that the commission knew of the error at least as of December 4, 1991, the dateMinutemen was decided, the Supreme Court ruled that the class inAble Temps was entitled to reimbursement beginning July 1, 1989. The court noted that, "if an individual THA [temporary help agency] can prove that it notified the respondents of the error prior to that date, the applicable commencement date may vary accordingly." Id. at 24.
Relator contends that because OTSA, acting as a trade association for Ohio THA's and relator, filed a petition on September 21, 1988 with the Industrial Commission challenging the very rates which were declared invalid in Minutemen, the petition constitutes the notice of error referenced in Able Temps.
Former Ohio Adm. Code 4121-7-17(C), referenced in AbleTemps, stated:
 * * * The bureau shall also have the right to make adjustments as to classifications, allocation of wage expenditures to classifications, amount of wage expenditures, premium rates or amount of premium. No adjustments, however, shall be made in an employer's account which result in reducing any amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustments for the semi-annual or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period, when such errors affecting the reports and the premium are brought to the attention of the bureau by an employer through written application for adjustment or found by the bureau.
Unquestionably, OTSA is not the employer for purposes of that administrative code section. Relator, however, contends that because OTSA attached to its September 21, 1988 letter a list of all of its members, the list serves as notice from each employer that an error was present in the commission's premium schedule.
For the reasons set forth in the magistrate's decision, we agree with the magistrate that OTSA's September 21, 1988 letter is not a protest letter under Ohio Adm. Code 4121-7-27. However, nothing in Ohio Adm. Code 4121-7-17(C) or the Supreme Court's opinion in Able Temps, suggests notification must be by protest letter under Ohio Adm. Code 4121-7-27. Here, OTSA raised and challenged the classifications by petition, a method sufficient to advise the commission of the issue and OTSA's disagreement with the classifications. The issue before us thus resolves to whether OTSA's letter is notice on behalf of relator.
In Able Temps, the Supreme Court found that the class as a whole had not provided notice before the date of the Minutemen
decision. It noted, however, that if an individual THA could prove notification, the date could vary. In so stating, the Supreme Court acknowledged that members of the class may be differently situated than the class as a whole. Here, relator through OTSA, notified the commission of the "error." To hold the notice ineffective simply because each member of OTSA did not send a separate letter seems to ignore the purpose of the notice: to advise of the "error." While that purpose could be achieved by separate letters from each THA, we see no reason notice cannot be given by a group through one spokesman. Accordingly, the September 21, 1988 letter from OTSA serves as notice under Able Temps and requires retroactive premium adjustment beginning July 1, 1986.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts, and we adopt those as our own. For the reasons set forth here, however, we decline to adopt the magistrate's conclusions of law, we sustain the objection, and we grant a writ ordering the Ohio Bureau of Workers' Compensation to vacate its order denying relator's request for a retroactive premium adjustment based upon the payroll reporting periods beginning July 1, 1986, and to enter an order granting relator's requested adjustment.
PETREE and KENNEDY, JJ., concur.