Cupp, J.,
dissenting.
{¶ 8} I respectfully dissent for two reasons. First, we have long recognized— and deferred to — the considerable expertise of both the Industrial Commission and the Bureau of Workers’ Compensation in premium matters. See State ex rel. Reaugh Constr. Co. v. Indus. Comm. (1928), 119 Ohio St. 205, 209, 162 N.E. 800; State ex rel. McHugh v. Indus. Comm. (1942), 140 Ohio St. 143, 23 O.O. 361, 42 N.E.2d 774; State ex rel. Viox Builders, Inc. v. Lancaster (1989), 46 Ohio St.3d 144, 545 N.E.2d 895; State ex rel. Minutemen, Inc. v. Indus. Comm. (1991), 62 Ohio St.3d 158, 161, 580 N.E.2d 777. In this case, the bureau determined that Valley Roofing Company, L.L.C. (“Valley”), was the successor in interest to Tech Valley Contracting, Inc. (“Tech”), and I do not believe that that determination should be disturbed.
{¶ 9} Second, I also believe that the majority’s reliance on State ex rel. Crosset Co., Inc. v. Conrad (2000), 87 Ohio St.3d 467, 721 N.E.2d 986, is misplaced. Crosset does state that Lake Erie Constr. Co. v. Indus. Comm. (1991), 62 Ohio St.3d 81, 578 N.E.2d 458, does not apply when a successor entity purchases the *277 predecessor’s assets from an intermediary bank rather than directly from the predecessor itself. 87 Ohio St.3d at 475, 721 N.E.2d 986. Crosset also, however, reaffirmed Lake Erie’s applicability to the transfer of experience ratings, which is the issue now before us. Id. at 474, 721 N.E.2d 986. This, in turn, creates a dilemma. The presence of an intermediary bank supports application of Crosset, but the fact that it is an experience rating and not a retrospective-rating plan that is at issue favors Lake Erie’s applicability. Because I believe that the reasoning underlying Crosset is flawed, Lake Erie should instead apply.
{¶ 10} In Crosset, the original company (“Old Crosset”) ceased operations when two banks foreclosed on its assets. 87 Ohio St.3d at 471, 721 N.E.2d 986. TCC Acquisitions then purchased those assets and continued the business under the Crosset name (“New Crosset”). When New Crosset applied for workers’ compensation coverage, the bureau transferred Old Crosset’s experience rating to it. New Crosset did not object.
{¶ 11} The bureau also transferred unpaid obligations associated with Old Crosset’s participation in a retrospective-rating plan. A retrospective-rating plan is an alternative premium plan under R.C. 4123.29(A)(3) that allows an employer to pay a lower annual premium in exchange for the employer’s direct payment of actual medical costs and compensation for each claim arising that year. New Crosset challenged that transfer by filing a complaint in mandamus in the Court of Appeals for Franklin County.
{¶ 12} The court of appeals, relying on Lake Erie, defined New Crosset as a successor in interest and upheld the transfer. This court reversed, relevantly holding that (1) R.C. 4123.32(D) did not apply to the acquisition of assets from an intermediary bank and (2) Lake Erie applied to the transfer of experience ratings, not retrospective-rating plans. Crosset, 87 Ohio St.3d at 475, 721 N.E.2d 986.
{¶ 13} The majority holding was based on former R.C. 4123.32(D), now R.C. 4123.32(C), which states:
{¶ 14} “[I]f any employer transfers a business in whole or in part or otherwise reorganizes the business, the successor in interest shall assume, in proportion to the extent of transfer, * * * the employer’s account and shall continue the payment of all contributions due under this chapter.” (Emphasis added.)
{¶ 15} The majority’s reasoning was simple: New Crosset acquired Old Crosset’s assets from a bank, not from “any employer.” The majority feared that to approve the transfer under these circumstances “would subject all purchasers of assets from secured parties, where the purchasers intended to continue in the same business, to liabilities of debtors, even though such purchasers might not have any way of determining what, if any, such liabilities might exist. Chances are that before, during, and after forfeiture of assets of a debtor to a secured *278 creditor, even the secured creditor may not know or have any way to find out about any outstanding obligations junior to the secured creditor’s interest.” Id. at 472, 721 N.E.2d 986.
Hemmer Pangburn DeFrank, P.L.L.C., Scott R. Thomas, and Robert L. Dawson, for appellee.
Richard Cordray, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellant.
{¶ 16} Unlike Lake Erie, Crosset was not unanimous, and the dissent made some thoughtful observations. The dissent challenged the majority’s emphasis on the presence of an intermediary bank for two reasons. It disagreed with the majority’s claim that R.C. 4123.32(D) “clearly refers to a voluntary act of the employer and not the involuntary transfer of the employer’s business through an intermediary bank.” Id. at 471, 721 N.E.2d 986. The dissent stated that Ohio’s commercial code, as contained in R.C. 1336.01(L), defined “transfer” as “every direct or indirect, absolute or conditional, and voluntary or involuntary method of disposing of or parting with an asset.” Id. at 476-477, 721 N.E.2d 986.
{¶ 17} The dissent also stressed that “the majority focuses its analysis on only half of the statutory phrase that supports the authority of the [bureau] administrator.” Id. at 477, 721 N.E.2d 986. R.C. 4123.32(D) applies, she wrote, when “any employer transfers his business * * * or otherwise reorganizes the business.” (Emphasis added.) “Reorganization,” she stated, was a “commonly used term for the restructuring of a business that occurs in bankruptcy. Employers forced into such proceedings would likely hesitate to describe such actions as voluntary.” Id. This observation also undermines the majority’s statement that the presence of an intermediary bank is a critical distinction, since a reorganization through bankruptcy would involve some type of intermediary.
{¶ 18} These observations are insightful, and I agree with the conclusion that the Crosset majority read R.C. 4123.32(D) too narrowly. For these reasons, I believe that Valley’s acquisition of Tech’s assets from PNC Bank rather than directly from Tech is irrelevant to the issue of Valley’s status as a successor in interest. I also note that Crosset devoted considerable discussion to affirming Lake Erie’s applicability to the transfer of experience ratings — a point that the present majority does not address.
{¶ 19} Accordingly, I would reverse the court of appeals and find that, under Lake Erie, Valley is Tech’s successor in interest.
Lundberg Stratton and O’Donnell, JJ., concur in the foregoing opinion.