THE STATE EX REL. AARON RENTS, INC., APPELLANT, *v.* OHIO BUREAU OF

WORKERS' COMPENSATION, APPELLEE.

[Cite as *State ex rel. Aaron Rents, Inc. v. Ohio Bur. of Workers' Comp.,*

129 Ohio St.3d 130, 2011-Ohio-3140.]

*Bureau of Workers' Compensation — Explanation of orders of the bureau required — Limited writ granted — Retroactive reclassification of employees.*

(No. 2010-0439 — Submitted May 10, 2011 — Decided July 5, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-232,

2010-Ohio-218.

_____

**Per Curiam**.

**{¶ 1}** Appellant, Aaron Rents, Inc. ("ARI"), challenges an order from appellee, Ohio Bureau of Workers' Compensation, that retroactively reclassified the jobs of certain ARI employees for purposes of workers' compensation premiums. ARI specializes in lease-to-own sales of consumer items. When ARI established operations in Ohio, its principal category of merchandise was furniture. Consistent with that enterprise, the bureau assigned ARI two classifications from its manual of occupational classifications — numbers 8044 (Store: Furniture) and 8810 (clerical workers). In listing its payroll, ARI, in turn, placed each employee in one of those two categories.

**{¶ 2}** In 2006, the bureau conducted a routine audit of ARI's records. The auditor apparently concluded that ARI had incorrectly listed many of its employees as number 8810 clerical workers. The auditor, however, did not inform ARI, which was contrary to normal procedure. ARI, moreover, was not given a

copy of the audit report, because the bureau found that the report, for several reasons, "did not pass the audit quality review process."

{¶ 3} ARI continued to classify its employees in the same manner as before for the next two years. In March 2008, the bureau again audited ARI, examining records from July 1, 2004, through December 31, 2007. In its 2008 audit report, the bureau found that ARI's emphasis had shifted from furniture to consumer electronics. As a result, the bureau substituted manual number 8017 (Store: Retail) for previously assigned number 8044 (Store: Furniture). Other changes placed delivery drivers into a separate category and introduced several other new classifications to accommodate an expanded service department.

{¶ 4} The most contentious element of the bureau's report was its conclusion that ARI should never have classified its sales and managerial staff as clerical employees under manual number 8810. The report recommended that these employees be reclassified under manual number 8017 and recommended that the reclassification apply retroactively to July 2004. This retroactive reclassification, however, meant that ARI would owe millions of dollars in back premiums, since new manual number 8017 had a significantly higher premium rate than number 8810. ARI objected to the audit's findings and requested a hearing before the bureau's Adjudicating Committee. ARI urged the committee to apply the reclassification prospectively, citing the bureau's problematic 2006 audit that might have alerted ARI two years earlier to a potential impropriety. In the alternative, it asserted that Ohio Adm.Code 4123-17-17(C) limited retrospective reclassification to the 24 months preceding the current payroll-reporting period, which would prohibit the collection of any alleged underpayment prior to January 1, 2006.

{¶ 5} The committee upheld the new classifications but limited the retroactive application period to January 1, 2006, through December 31, 2007, citing "the delay of processing the audit findings and the lack of proof that the

2

Bureau ever provided written notice of the initial April 2006 audit or findings." The order was affirmed by the administrator's designee. ARI filed a complaint in mandamus in the Court of Appeals for Franklin County. ARI asserted that the bureau had abused its discretion by failing to adequately explain why it rejected ARI's request for prospective reclassification only. ARI argued that the bureau's explanation as to why it limited the period of retroactive reclassification did not constitute an explanation as to why retroactive reclassification should be imposed at all. The court of appeals disagreed and denied the writ, prompting ARI's appeal as of right to this court.

{¶ 6}  For purposes of workers' compensation premiums, every business is classified by degree of hazard and placed into a corresponding category, commonly referred to as a manual classification. R.C. 4123.29(A)(1). These classifications have been established by the National Council on Compensation Insurance and have assigned rates that reflect the risk of injury due to the hazards associated with that industrial pursuit. Id. The total payroll in each of the classifications assigned to a given employer is a key element in determining the amount of premium that the employer pays to secure workers' compensation coverage. R.C. 4123.29(A)(2).

{¶ 7}  In 2008, the bureau reassigned ARI's sales and managerial employees to a different manual classification. This reclassification was initially made retroactive to 2004, but it was later limited to the period from January 1, 2006, through December 31, 2007. This change in time frame was based on Ohio Adm.Code 4123-17-17(C), which provides:

{¶ 8}  "The bureau shall have the right * * * to inspect, examine or audit * * * employers for the purpose of verifying the correctness of reports made by employers of wage expenditures * * *. The bureau shall also have the right to make adjustments as to classifications, allocation of wage expenditures to classifications, amount of wage expenditures, premium rates or amount of

premium. * * * Except as provided in Rule 4123-17-28 of the Administrative Code, no adjustments shall be made in an employer's account which result in increasing any amount of premium above the amount of contributions made by the employer to the fund for the periods involved, *except in reference to adjustments for the semi-annual or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting* period. The twenty-four month period shall be determined * * * from the date that the bureau provides written notice to the employer of the bureau's intent to inspect, examine, or audit the employer's records." (Emphasis added.)

{¶ 9} Under Ohio Adm.Code 4123-17-17 (C), the bureau can make adjustments to an employer's account either prospectively or retroactively. *State ex rel. Granville Volunteer Fire Dept., Inc. v. Indus. Comm.* (1992), 64 Ohio St.3d 518, 520-521, 597 N.E.2d 127. ARI objects to retroactive reclassification and argues, among other things, that its ability to challenge the bureau's decision has been compromised because the order does not explain why retroactive rather than prospective reclassification was favored. We agree.

{¶ 10} We "generally defer[] to the [bureau's] expertise in premium matters," but we will intercede when an occupational classification has been made in an arbitrary, capricious, or discriminatory manner. *State ex rel. Progressive Sweeping Contractors, Inc. v. Ohio Bur. of Workers' Comp.* (1994), 68 Ohio St.3d 393, 396, 627 N.E.2d 550. The agency's expertise, moreover, "does not supersede the duty this court has imposed upon the Industrial Commission and the bureau to adequately explain their decisions." *State ex rel. Craftsmen Basement Finishing Sys., Inc. v. Ryan,* 121 Ohio St.3d 492, 2009-Ohio-1676, 905 N.E.2d 639, ¶ 15. An order must "inform the parties and potentially a reviewing court of the basis of the [agency's] decision." *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.* (1994), 71 Ohio St.3d 139, 142, 642 N.E.2d 378.

**{¶ 11}** ARI contends that without an explanation why its request for prospective application was denied, it cannot know whether the imposition was arbitrary, capricious, or, in this case, punitive. ARI fears that the bureau retroactively reclassified its employees as punishment for what the bureau believed was ARI's deliberate misclassification of its workers. ARI asserts that if that is the case, it deserves to know so that it can prove that the misclassification was unintentional and consistent with what it believed the bureau desired initially.

**{¶ 12}** ARI's points are valid. There is no way to know why the bureau exercised its reclassification discretion as it did. Further explanation as to why the bureau reached its decision is necessary before we can determine whether an abuse of discretion occurred.

**{¶ 13}** The judgment of the court of appeals is reversed, and a limited writ is granted ordering the bureau to vacate its order, further consider the matter, and issue an amended order including an explanation for its decision.

Judgment reversed
and limited writ granted.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Millisor & Nobil Co., L.P.A., Daniel P. O'Brien, Mark E. Snyder, and Nicole H. Farley, for appellant.

Michael DeWine, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee.

_____